UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CALDERON, | No. 2: 23-cv-1064 KJN P |
| Plaintiff, | |
| v. | ORDER |
| ROB BONTA, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are California State Attorney General Rob Bonta and Doe defendants 1-100. Plaintiff alleges that during his incarceration, he has been subjected to several injustices including the implantation of a chip/device to monitor his brain activity which is then used for spying. Plaintiff alleges that he has been subjected to "sexual experimentation" for many years in violation of his right to privacy. Plaintiff alleges that his mail has been censored, confiscated and "dispossessed" by prison officials. Plaintiff alleges that he was subjected to high risk surgeries against his will. Plaintiff alleges that his food, water and air were contaminated with chemicals that caused him severe health problems.

Regarding defendant Bonta, plaintiff specifically alleges that defendant Bonta failed to investigate and stop the wrongdoings alleged in the complaint. Plaintiff also alleges that defendant Bonta disclosed plaintiff's personal prison files in order to incite, manipulate and encourage people/inmates to conspire to commit illegal acts against plaintiff in exchange for money. Plaintiff alleges that defendant Bonta subjected plaintiff to sexual experimentation, deadly viruses and denied plaintiff health care. Plaintiff alleges that defendant Bonta provided people/inmates with appliances necessary to monitor plaintiff's daily activities in prison.

As relief, plaintiff seeks money damages, an order directing that he be transferred to Mexico and any other appropriate relief.

When sued in official and individual capacities, the Ninth Circuit has held that an attorney general or deputy attorney general has absolute immunity, except they "are not immune from any actions that are wholly unrelated to or outside of their official duties." Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001). Plaintiff's claim alleging that defendant Bonta failed to investigate alleged wrongdoing by prison officials against plaintiff appears related to his official duties as California State Attorney General. Accordingly, defendant Bonta is entitled to absolute immunity as to this claim.

////

1     Plaintiff's remaining claims against defendant Bonta appear unrelated to defendant

2 Bonta's officials duties.  The Civil Rights Act under which this action was filed provides as

3 follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

7 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9 Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

10 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

11 affirmative link between the incidents of police misconduct and the adoption of any plan or policy

12 demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

13 to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative

14 act, participates in another's affirmative acts or omits to perform an act which he is legally

15 required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588

16 F.2d 740, 743 (9th Cir. 1978).

17     Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

18 their employees under a theory of respondeat superior and, therefore, when a named defendant

19 holds a supervisorial position, the causal link between him and the claimed constitutional

20 violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

21 (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

22 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

23 denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

24 official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

25 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

26 participation is insufficient).

27     Plaintiff does not plead sufficient facts linking defendant Bonta to the alleged

28 deprivations.  For example, plaintiff pleads no facts demonstrating that defendant Bonta had any

role in the alleged disclosure of plaintiff's personal files.

In addition, plaintiff's claims against defendant Bonta are vague and conclusory, and largely not believable. Plaintiff does not describe the prison files allegedly disclosed, to whom they were disclosed and how the disclosure of these files caused harm to plaintiff. Plaintiff also fails to describe the sexual experimentation and deadly viruses to which he was allegedly exposed. Plaintiff also does not specifically describe the health care he allegedly failed to receive. For these reasons, plaintiff's claims against defendant Bonta are dismissed.

Plaintiff also failed to allege the specific involvement of the Doe defendants in the alleged deprivations. In addition, plaintiff's claims against the Doe defendants are vague and conclusory. For example, plaintiff provides no specific facts supporting his claim of mail tampering. Accordingly, the claims against the Doe defendants are dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 29, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cal1064.14(2)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CALDERON,<br><br>            Plaintiff,<br><br>    v.<br><br>ROB BONTA, et al.,<br><br>            Defendants. | No. 2: 23-cv-1064 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____          Amended Complaint

DATED:

_____

Plaintiff