UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CALDERON,<br><br>          Plaintiff,<br><br>     v.<br><br>ROB BONTA, et al.,<br><br>          Defendants. | No.  2: 23-cv-1064 KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On June 29, 2023, the undersigned dismissed plaintiff's complaint with leave to file an amended complaint.  (ECF No. 6.)  Pending before the court is plaintiff's amended complaint.  (ECF No. 9.)  For the reasons stated herein, the undersigned recommends that this action be dismissed.

Plaintiff again names as defendants California Attorney General Bonta and does 1-25. (Id. at 3.)  The allegations in the amended complaint are similar to those made in the original complaint.

Plaintiff alleges that defendant Bonta failed to investigate and stop the crimes committed against plaintiff during his imprisonment.  (Id.)  Plaintiff alleges that defendant Bonta and does 1-25 subjected plaintiff to illegal surgeries against his will for the purpose of implanting a chip to

1

1  monitor plaintiff's brain activity. (Id. at 4.) Plaintiff alleges that defendants infected him with
2  illegal deadly viruses. (Id.) Plaintiff alleges that defendants messed up his intestinal track for
3  experimental purposes. (Id.) Plaintiff alleges that defendants caused him other health problems
4  by the use of chemicals. (Id.) Plaintiff also alleges that he suffers from a hernia on his testicles
5  that is causing him pain and suffering. (Id.) Plaintiff alleges that he has been denied medical care
6  for his hernia. (Id.)  Plaintiff alleges that defendants denied him access to a drug-addiction
7  program by making false statements. (Id. at 5.) Plaintiff alleges that defendants denied him
8  health care "with racial bias." (Id.)

9  As the undersigned previously advised plaintiff, when sued in official and individual
10 capacities, the Ninth Circuit has held that an attorney general or deputy attorney general has
11 absolute immunity, except they "are not immune from any actions that are wholly unrelated to or
12 outside of their official duties." Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001).
13 Plaintiff's claim alleging that defendant Bonta failed to investigate alleged wrongdoing by prison
14 officials against plaintiff appears related to his official duties as California State Attorney
15 General. Accordingly, defendant Bonta is entitled to absolute immunity as to this claim.

16 Plaintiff's remaining claims against defendant Bonta appear unrelated to defendant
17 Bonta's official duties. The Civil Rights Act under which this action was filed provides as
18 follows:

19
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
20 > of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
21 > or other proper proceeding for redress.

22 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
23 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
24 Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983
25 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no
26 affirmative link between the incidents of police misconduct and the adoption of any plan or policy
27 demonstrating their authorization or approval of such misconduct). "A person 'subjects' another
28 to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative

act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

As with the original complaint, plaintiff does not plead sufficient facts linking defendant Bonta to the alleged deprivations. Plaintiff also fails to allege sufficient facts linking the doe defendants to the alleged deprivations. The undersigned previously advised plaintiff of the legal standard for linking defendants to the alleged deprivations. (ECF No. 6 at 4-5.)

The undersigned also again finds that plaintiff's claims are vague and conclusory, and largely unbelievable. For example, plaintiff does not allege when and where the alleged deprivations occurred and by whom they were performed. On these grounds, the undersigned also recommends dismissal of this action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Jones v. Community Development Agency, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

In conclusion, the undersigned recommends that this action be dismissed because plaintiff has been granted adequate opportunity to cure the pleadings defects and failed to do so. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se

complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1998) (per curiam)).

Plaintiff's amended complaint also contains a motion for a preliminary injunction. (ECF No. 9 at 7-15.) Plaintiff appears to seek injunctive relief based on the claims raised in the amended complaint and also based on claims challenging the validity of his conviction/confinement. Because the undersigned recommends dismissal of the claims raised in the amended complaint, plaintiff's motion for a preliminary injunction based on these claims should be denied. Plaintiff's request for injunctive relief based on claims challenging the validity of his conviction/confinement should be denied because these claims are not properly raised in this civil rights action. Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]").[1]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for injunctive relief (ECF No. 9) be denied; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the

---

[1] In the motion for injunctive relief, plaintiff appears to allege that some of his claims challenging his criminal proceedings may be brought in a civil rights action because he lacks a remedy in habeas to raise these claims. See Nonette v. Small, 316 F.3d 872 (9th Cir. 2002) (holding that plaintiff, who lacked a remedy in habeas, was entitled to proceed with a civil rights action). Assuming plaintiff lacks a habeas remedy, plaintiff's claims challenging his criminal proceedings are unrelated to the claims raised in the amended complaint. The court cannot grant injunctive relief based on claims not raised in the amended complaint. Pac. Radiation Oncology, LLC v. Queens's Med. Ctr., 810 F.3d 631,633 (9th Cir. 2015). Moreover, "[u]nrelated claims against unrelated defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Assuming plaintiff lacks a habeas remedy, plaintiff's claims challenging his criminal proceedings should be raised in a different action.

court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 3, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cald1064.ame